UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS GARCIA, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>                Plaintiff,<br><br>  -against-<br><br>BIG APPLE REMODELING CORP., and VELOCITY FRAMERS USA INC.,<br><br>                Defendants. | **COMPLAINT**<br><br><br>**Docket No.: 21-cv-1852**<br><br><br>Jury Trial Demanded |

      Plaintiff, CARLOS GARCIA, on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against BIG APPLE REMODELING CORP. ("Big Apple"), and VELOCITY FRAMERS USA INC. ("Velocity"), (together, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

    1.    This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the minimum wage provisions of the NYLL, NYLL § 652(1), NYCRR § 142-2.1; (iv) the NYLL's requirement that employers pay their employees an additional one hour's pay at the

1

minimum wage rate if their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 142-2.4; (v) the NYLL's requirement that employers furnish employees with a wage statement on each payday containing specific categories of accurate information, NYLL § 195(3); (vi) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - two New York corporations that together, and potentially along with other distinct entities to be uncovered through discovery, operate as a single enterprise that provides various construction services throughout New York City - - as a non-managerial laborer, primarily in Brooklyn, from in or around January 2019 through July 13, 2020.

3. As described below, throughout Plaintiff's employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, Defendants required Plaintiff to work, and Plaintiff did work, approximately fifty-eight and one-half hours per week, yet Defendants paid Plaintiff a flat daily rate for each day worked regardless of how many hours he worked per day or per week, and thus failed to compensate Plaintiff at the statutorily-required overtime rate of one and one-half times his regular rate of pay, or one and one-half times the minimum wage, if greater, for any hours that he worked over forty in a week.

4. Defendants further violated the NYLL and the NYCRR by failing to: pay Plaintiff at least at the minimum wage rate for all hours worked; pay Plaintiff spread-of-hours compensation of one hour's pay at the minimum wage for all days when his workday exceeded ten hours from beginning to end; and provide Plaintiff with any wage statement on each payday or with any wage notice at the time of hire, let alone accurate ones.

5. Defendants paid and treated all of their non-managerial laborers in the same manner.

6. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under New York law on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

7. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

10. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11. At all relevant times herein, Defendant Big Apple was and is a New York corporation with its principal place of business located at 952 Manhattan Avenue, Suite 3R, Brooklyn, New York 11222.

12. At all relevant times herein, Defendant Velocity was and is a New York corporation with its principal place of business located at 5014 16th Avenue, Suite 468, Brooklyn, New York 11219.

13. At all relevant times herein, Defendants operated as a single enterprise in that both entities, and potentially many other distinct entities to be uncovered through discovery: were and are commonly owned and controlled financially; interchangeably shared and share employees and equipment such as trucks, tools, machines, and ladders to carry out the needs of the business; and performed and perform the same services on the same construction sites / jobs using the same employees throughout New York City.

14. Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, at all times relevant to the FLSA, Defendants' qualifying annual business exceeded and exceeds $500,000.00, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they each employed and employ two or more employees, and as they frequently handled and handle supplies, tools, and machinery, such as tiles, wood, and sheetrock, which were and are moved in interstate commerce, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## **COLLECTIVE ACTION ALLEGATIONS**

15. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees, who during the applicable FLSA limitations period, performed any work for Defendants as a non-managerial laborer, or in another similar position, and who consent to file a claim to recover damages for unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

16. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

17. Defendants are and have been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

18. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

19. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

20. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;
   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;
   c. Claims or defenses of the representative are typical of the class;
   d. The representative will fairly and adequately protect the class; and
   e. A class action is superior to other methods of adjudication.

21. Plaintiff seeks certification of the following FRCP 23 class:

   Current and former employees, who during the applicable NYLL limitations period, performed any work for Defendants in New York as a non-managerial laborer or in another similar position ("Rule 23 Plaintiffs").

### Numerosity

22. At all times relevant to the NYLL Defendants have employed, in total, at least forty employees who are putative members of this class.

### Common Questions of Law and/or Fact

23. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule

6

23 Plaintiff; (3) whether the Rule 23 Plaintiffs worked in excess of forty hours in a week; (4) whether Defendants failed to pay the Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty in a week; (5) whether Defendants paid the Rule 23 Plaintiffs at least at the minimum wage rate for all hours worked; (6) whether Defendants failed to pay the Rule 23 Plaintiffs spread-of-hours pay for each day when their workday exceeded ten hours from beginning to end; (7) whether Defendants furnished the Rule 23 Plaintiffs with an accurate wage statement on each payday containing the information required by NYLL § 195(3); (8) whether Defendants furnished the Rule 23 Plaintiffs with an accurate wage notice at the time of hire containing the information required by NYLL § 195(1); (9) whether Defendants kept and maintained accurate records of hours that the Rule 23 Plaintiffs worked; (10) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (11) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (12) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (13) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

24.   As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants as laborers, or in other similar positions, in New York, and Defendants do not and/or did not: properly pay them overtime at a rate of one and one-half times their respective regular rates of pay, or one and one-half times the applicable minimum wage rate, if greater, for all hours worked in a week over forty; and/or pay them at least at the minimum wage

rate for all hours worked; and/or provide them with spread of hours compensation for all days when their workday exceeded ten hours from beginning to end; and/or provide them with an accurate wage statement on each payday; and/or provide them with an accurate wage notice at the time of hire.  Plaintiff and the Rule 23 Plaintiffs enjoy the same rights under the NYLL and the NYCRR to receive overtime wages at the statutorily-required rate of time and one-half their regular rates of pay, or one and one-half times the applicable minimum wage rate, if greater, for all hours worked each week over forty, to be paid at least at the minimum wage rate for all hours worked, to receive spread of hours compensation for the days that their workday exceeds ten hours, and to be furnished with an accurate wage statement on each payday and an accurate wage notice at the time of hire.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations.  Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under compensation, due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendants' defenses to those claims.

<u>Adequacy</u>

25.   Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants.  Defendants did not pay Plaintiff overtime at the rate of time and one-half his regular rate of pay, or one and one-half times the minimum wage rate, if greater, for all of his hours worked over forty in a week, did not pay Plaintiff at least at the minimum wage rate for all hours worked, did not pay Plaintiff spread of hours pay of one hour at the minimum wage rate for each day when his workday exceeded ten hours from beginning to end, and did not furnish Plaintiff with an accurate wage statement on each payday or with an

accurate wage notice at the time of hire, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that may be raised in Defendants' Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

26. Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

27. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

28. Any lawsuit brought by any non-managerial laborer or person working in another similar position for Defendants in New York would be identical to a suit brought by any other similar employee for the same violations as alleged herein. Thus, separate litigation would risk inconsistent results.

29. Accordingly, the means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

30. Defendants are two New York corporations, both based in Brooklyn, which as described above, together provide construction services, such as plumbing, electricity, carpentry, and demolition, to residential and commercial buildings throughout the five boroughs of New York City.

31. Defendants - - along with potentially dozens of other distinct entities to be uncovered through discovery - - operate as a single enterprise and/or joint employer, providing the above-described construction services interchangeably for countless job sites across New York City, using these and other entities as "shell" companies while shifting contracts and workers across these and other entities at their whim. To that end, Defendants: have an interrelation of operations in providing construction services by sharing employees and construction contracts with one another; concurrently control labor relations between employees and management, for example by employing common management to supervise Defendants' personnel; utilize New York City Department of Building signage to refer to one another at various construction sites, such as, e.g., by using Defendant Velocity's contact information/phone number to respond to inquiries concerning job site safety for projects purportedly staffed by Defendant Big Apple; and are commonly owned and controlled financially.

32. Plaintiff worked for Defendants as a non-managerial laborer from in or around January 2019 until July 13, 2020.

33. In that role, Plaintiff's primary job duties consisted of removing debris, garbage, and other materials, assembling and breaking down barricades and scaffolding, and assisting with demolition, carpentry, electrical work, and plumbing at various work sites throughout the five boroughs of New York City, with the majority of Plaintiff's work taking place in Brooklyn.

34. Throughout the entirety of Plaintiff's employment, Defendants required Plaintiff to work, and Plaintiff did generally work, six days per week, with a thirty-minute break each day, Monday through Friday from 7:00 a.m. until 6:00 p.m., and Sundays from 8:00 a.m. until 4:00 p.m. Thus, Plaintiff generally worked a total of sixty hours per week.

35. Throughout the entirety of Plaintiff's employment, Defendants paid Plaintiff a flat daily rate of $105.00 for each day that he worked, regardless of the total hours that Plaintiff worked in a day or in a week. Thus, when Plaintiff worked his standard six-day schedule, Defendants paid him a total of $630.00 for the week. Although it rarely occurred, when Plaintiff worked five days in a week due to, e.g., a holiday, Defendants paid Plaintiff a total of $525.00 for that week.

36. At no time did Defendants pay Plaintiff at the rate of one and one-half times his regular rate of pay, or one and one-half times the applicable minimum wage rate, if greater, for the hours that he worked over forty in a week.

37. By way of example only, for the week of June 20 through June 26, 2020, Defendants required Plaintiff to work, and Plaintiff did work, a total of sixty hours (after deducting daily thirty-minute breaks) according to the following schedule:

    Saturday, June 20, 2020:    Off;
    Sunday, June 21, 2020:    8:00 a.m. to 4:00 p.m.;
    Monday, June 22, 2020:    7:00 a.m. to 6:00 p.m.;
    Tuesday, June 23, 2020:    7:00 a.m. to 6:00 p.m.;
    Wednesday, June 24, 2020:    7:00 a.m. to 6:00 p.m.;
    Thursday, June 25, 2020:    7:00 a.m. to 6:00 p.m.; and
    Friday, June 26, 2020:    7:00 a.m. to 6:00 p.m.

For his work during this week, Defendants paid Plaintiff $105.00 per day, for a total of $630.00. Defendants failed to pay Plaintiff any overtime compensation for the twenty hours that he worked beyond forty in this week.

38. Moreover, in the example described immediately above, and in many other weeks, Defendants failed to pay Plaintiff at least at the New York minimum wage rate for all hours worked, instead paying him only at the rate of $10.50 for all hours worked during his standard six-day workweek.

39. Further, Defendants required Plaintiff to work shifts that exceeded ten hours from start to finish usually five times per week throughout his employment, including during five days from June 20 through June 26, 2020, as described in the paragraph above, yet for those days Defendants failed to pay Plaintiff an additional hour's pay at the applicable New York minimum wage rate.

40. Defendants paid Plaintiff on a weekly basis in cash.

41. On each occasion when Defendants paid Plaintiff, Defendants failed to furnish Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, his actual hours worked for the week, his regular and overtime rates and overtime wages owed, and his spread-of-hours wages owed for that week.

42. Additionally, Defendants did not provide Plaintiff with any wage notice at the time of his hire, let alone one that accurately listed, *inter alia*: Plaintiff's rates of pay and basis thereof; whether he was to be paid by the hour, shift, day, week, salary, piece, commission, or other; any allowances claimed; or the regular payday on which he would be paid.

43. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

44. Defendants acted in this manner to maximize their profits and minimize their labor costs and overhead.

45. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

46. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

48. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

49. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

50. Defendants willfully violated the FLSA.

51. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

52. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

53. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

55. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

56. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

57. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

58. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages Under the NYLL and the NYCCRR*

59. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60. NYLL § 652 and 12 NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

61. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

62. As also described above, Defendants did not compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action at least at the minimum hourly rate that the NYLL and the NYCRR require for all hours worked.

63. At the least, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to the minimum rate of pay that the NYLL and the NYCRR require for all hours worked.

64. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

65. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66. NYLL § 652 and 12 NYCRR § 142-2.4 provide that employees shall receive one hour's pay at the minimum hourly wage rate for any day worked in which their spread of hours exceeds ten.

67. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

68. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

69. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to spread-of-hours pay, in the amount of one hour's pay at the minimum hourly wage rate, for any day worked in which their spread of hours exceeded ten.

70. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

### **FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

71. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72. NYLL § 195(3) requires that employers furnish employees with a wage statement containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

73. As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with any wage statements, let alone ones that accurately contained the criteria required under the NYLL.

74. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

75. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

76. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

77. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

78. As described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with any wage notice at hire, let alone one that accurately contained the criteria required under the NYLL.

79. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $50 for each workweek after the violation occurred, up to a statutory cap of $2,500.

80. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.

### DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

  g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  h. Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP;

  i. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

  j. Pre-judgment and post-judgment interest, as provided by law; and

  k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
    April 6, 2021

              Respectfully submitted,

              BORRELLI & ASSOCIATES, P.L.L.C.
              *Attorneys for Plaintiff*
              910 Franklin Avenue, Suite 200
              Garden City, New York 11530
              Tel. (516) 248-5550
              Fax. (516) 248-6027

    By: _____
              MICHAEL R. MINKOFF (MM 4787)
              ALEXANDER T. COLEMAN (AC 8151)
              MICHAEL J. BORRELLI (MB 8533)